UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Phillip Ray Kidd, DMH #891333, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>)<br>SCDC Nurse Evans, )<br>)<br>Defendant. ) | C/A No. 5:15-cv-03405-DCN-KDW<br><br>REPORT AND RECOMMENDATION |

    Plaintiff is a former South Carolina Department of Corrections ("SCDC") inmate who is now civilly committed to the South Carolina Sexually Violent Predator Treatment Program ("SVP Program").[1] He filed this case pro se on August 24, 2015. ECF No. 1-1 (envelope bearing August 24, 2015 postmark). In his Complaint, Plaintiff alleges that while still in SCDC custody Defendant Evans was medically indifferent to his need for a consultation with an eye doctor about a cataract. Compl. 3-4. Plaintiff alleges Defendant knew he needed to see a doctor and that she lied to him about being unable to schedule a visit because Plaintiff was placed in disciplinary detention. *Id.* Plaintiff submits that the lack of attention to his eye problems has resulted in permanent disfigurement ("cock-eyed") that makes him a target for humiliation by other detainees. *Id.* at 5. He seeks "$200 and 50 thou[sa]nd dollars in damages." *Id.*

    Following initial review of Plaintiff's submissions, the court issued an order on September 18, 2015, instructing him to provide service documents within 21 days. The mail in

---

[1] In prior litigation, Plaintiff noted his SVP-detainee status. *Kidd v. Magill,* 5:15-2440-DCN-KDW (dismissed Aug. 17, 2015). The court may take judicial notice of this fact. *Cabbil v. United States*, No. 1:14-CV-04122-JMC, 2015 WL 6905072, at *4 (D.S.C. Nov. 9, 2015) ("A district court may take judicial notice of materials in the court's own files from prior proceedings.").

which the Order was sent to Plaintiff at the address he provided has not been returned as undeliverable. Thus, it is presumed that Plaintiff received the Order. The deadline for Plaintiff's compliance was October 13, 2015, and no request was made for an extension of the deadline. This case is now before the court because of Plaintiff's failure to comply with the undersigned's order of September 18, 2015, ECF No. 8, and because of Plaintiff's failure to prosecute the case in a timely manner.

Applying the four-factor test of *Herbert v. Saffell*, 877 F.2d 267, 270 (4th Cir. 1989), to the circumstances of this case, it is clear that the failure of Plaintiff to take any action in this case since the submission of the Complaint, coupled with his failure respond to the initial Order in this case, indicates an intent on Plaintiff's part not to prosecute this case. *See Doyle v. Murray*, 938 F.2d 33, 34 (4th Cir. 1991); *Davis v. Williams*, 588 F.2d 69, 70 (4th Cir. 1978).

Accordingly, it is recommended that this case be dismissed *without prejudice* due to Plaintiff's failure to comply with this court's Order and failure to prosecute the case. *See* Fed. R. Civ. P. 41(b) (district courts may dismiss an action if a plaintiff fails to comply with "any order of the court."); *see also Ballard v. Carlson*, 882 F.2d 93, 95 (4th Cir. 1989) (dismissal with prejudice appropriate where warning given); *Chandler Leasing Corp. v. Lopez*, 669 F.2d 919, 920 (4th Cir. 1982) (court may dismiss *sua sponte*).

IT IS SO RECOMMENDED.

November 17, 2015                                    Kaymani D. West
Florence, South Carolina                             United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> **Robin L. Blume, Clerk**
> **United States District Court**
> **Post Office Box 2317**
> **Florence, South Carolina 29503**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).